J-A21036-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| THE ESTATE OF HARRIET RANDOLPH, DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: MERLYNE HARVEY | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 14 EDA 2021 |

Appeal from the Order Entered October 30, 2020
In the Court of Common Pleas of Philadelphia County Orphans' Court at
No(s): No. 869DE of 2019

BEFORE:   KUNSELMAN, J., NICHOLS, J., and STEVENS, P.J.E.*

JUDGMENT ORDER BY STEVENS, P.J.E.          **FILED OCTOBER 29, 2021**

Merlyne Harvey appeals from the October 30, 2020, Order entered in the Court of Common Pleas of Philadelphia County, which granted the motion for summary judgment filed by Kevin Randolph, Administrator of the Estate of Harriet Randolph.  We conclude Merlyne Harvey does not have standing, and, thus, we quash the instant appeal.

It is undisputed that Sandra Rogers was appointed the Administrator of the Estate of Herbert L. Rogers, and on July 18, 2019, she filed a petition for citation directed to Kevin Randolph, the Administrator of the Estate of Harriet Randolph, to turn over insurance proceeds. On September 13, 2019, Mr. Randolph filed a petition for citation directed to Sandra Rogers, in her administrator capacity, to show cause as to why the insurance proceeds did

_____

* Former Justice specially assigned to the Superior Court.

not belong solely to the estate of Harriet Randolph. After the trial court consolidated the cases, on February 4, 2020, Mr. Randolph filed a motion for summary judgment against Sandra Rogers, Administrator of the Estate of Herbert L. Rogers. The trial court granted the motion for summary judgment in favor of Mr. Randolph, and Merylne Harvey appealed.

On October 1, 2021, recognizing Sandra Rogers, the administrator of the estate, should have filed the instant appeal, Merlyne Harvey filed an application to substitute Sandra Rogers as the appellant in this matter. Merlyne Harvey indicates she "inadvertently" appealed and requests that Sandra Rogers, estate administrator and petitioner in the trial court below, be substituted for Appellant Merlyne Harvey in this matter.[1]

Sandra Rogers, the administrator of the estate, should have filed the instant appeal under Pa.R.A.P. 501.[2] Merlyne Harvey has provided this Court with no authority, which would permit Sandra Rogers to substitute her on appeal. Further, the thirty-day appeal period has expired for Sandra Rogers, the administrator of the estate, to timely appeal. *See* Pa.R.A.P. 903.

Appeal Quashed; Application to Substitute Party Denied.

_____

[1] We note Merlyne Harvey cites no authority in her application to substitute party. Pa.R.A.P. 502 pertains to substitution of parties. Sandra Rogers did not meet the requirements of Rule 502.
.
[2] Pa.R.A.P. 501 provides: "Except where the right of appeal is enlarged by statute, any party who is aggrieved by an appealable order, or a fiduciary whose estate or trust is so aggrieved, may appeal therefrom." Pa.R.A.P. 501.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/29/2021